UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion for Relief from Vexatious Litigant [DE 41]

## I.   INTRODUCTION

On January 7, 2022, Benjamin Woodhouse ("Woodhouse") and Havensight Capital, LLC[1] ("Havensight") filed a First Amended Complaint against several judges of the Central District of California[2] (the "Judicial Defendants") and United States Government officials[3] (the "Government Defendants"). (ECF No. 10.) The FAC also names as defendants Gibson Dunn Inc.[4], Meta Platforms Inc., Nike Inc. (the "Protected Defendants") and Alphabet, Inc. (*Id.*) Presently before the Court is the Protected Defendants' Motion for Relief from Vexatious Litigant (ECF No. 41.). Further, for the reasons explained below, the Court Orders Woodhouse to Show Cause in writing as to why the Judicial Defendants and Government Defendants should not be dismissed, and why sanctions should not issue against Woodhouse.

---

[1] Havensight is purportedly represented by Woodhouse. In a nearly-identical prior lawsuit, Judge Stanley Blumenfeld found Havensight to be Woodhouse's alter-ego because Woodhouse treats the company "as indistinguishable from himself," and in filings he "confirm[ed] their unity of interest by asking the Court to reopen 'all cases involving the Plaintiff, its Havensight Capital L.L.C. Firm, and these conflicted Defendants." *See Woodhouse v. U.S. Gov't*, 2021 WL 6333468, at *5 (C.D. Cal. Nov. 24, 2021.) Having examined the dockets in this and related matters, the Court agrees with Judge Blumenfeld's finding.

[2] The defendant judges are: (1) the Hon. Stanley Blumenfeld, Jr.; (2) the Hon. Fernando Olguin; (3) the Hon. Manuel Real; (4) the Hon. Otis Wright; and (5) the Hon. Philip Gutierrez.

[3] The defendant U.S. Government officials are employees of the Department of Justice, including: (1) Daniel Beck; (2) Tracy Wilkison; (3) David Harris; and (4) Joanne Osinoff.

[4] Woodhouse seemingly intended to sue Gibson, Dunn & Crutcher LLP, as that law firm has represented Nike, Inc. and Meta Platforms, Inc. in prior actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

## II. VEXATIOUS LITIGANT

Woodhouse is an attorney who is licensed to practice in California. Woodhouse and his alter-ego Havensight have been declared vexatious litigants in three prior Central District of California cases. *See Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 3544111 (C.D. Cal. Apr. 22, 2015); *Havensight Cap. LLC v. Facebook, Inc.*, 2018 WL 6340757 (C.D. Cal. Sep. 24, 2018), *aff'd* 776 F. App'x 420 (9th Cir. 2019); *Woodhouse v. U.S. Gov't*, 2021 WL 6333468 at *5–6. Most recently, Judge Blumenfeld ordered that Woodhouse be precluded:

> "either directly or indirectly through an entity he owns or controls—from filing in the U.S. District Court for the Central District of California (CDCA) any action for claims described below against Nike, Inc., Facebook, Inc., and Gibson Dunn & Crutcher LLP, and each of their respective employees, directors, officers, attorneys, or partners (the Protected Parties), absent strict compliance with the terms set forth in this paragraph. Specifically, Plaintiff shall: (1) obtain written authorization from a CDCA District or Magistrate Judge prior to filing any lawsuit in the CDCA against the Protected Parties for claims asserting government corruption or conspiracies or any issues or allegations raised in previous litigation in which Havensight was declared a vexatious litigant, including online advertisements, unfair business practices, anticompetitive conduct, breach of contract, misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct, negligence, or racketeering; and (2) deposit $5,000 with the clerk of the court to secure payment of any costs, sanctions, or other amounts that may be awarded against Plaintiff.

*Woodhouse v. U.S. Gov't*, 2021 WL 6333468 at *8.

Woodhouse's claims against the Protected Defendants fall squarely within the ambit of Judge Blumenfeld's vexatious litigant order. Woodhouse accuses the Protected Defendants of being involved in various conspiracies to commit felonies such as "produc[ing] disseminated discovery in the pre discovery period" and collusion between the U.S. Attorney and the Protected Defendants. (FAC at 1–2, ECF No. 10.) The causes of action he alleges are "obstruction and due process violations," "fraud and collusion," and "intentional interference with prospective business and economic relations." (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

*generally id.*) He requests that the Court "dissolve the [Protected Defendants] and Alphabet Inc. and award U.S. $3 Trillion . . . to Plaintiff." (*Id.* at 30.)[5]

Woodhouse filed this action without written authorization from a Central District of California judge and without posting $5,000 with the clerk of the court, in clear violation of Judge Blumenfeld's order. Therefore, because the Court finds that the claims against Protected Defendants clearly fall within the bounds of the vexatious litigant order, the Court **DISMISSES** the Protected Defendants **with prejudice**. *See Menez-Valenzuela v. Arizona*, 436 Fed. App'x 827, 828 (9th Cir. 2011) ("The district court did not abuse its discretion by dismissing the action because Mendez-Valenzuela failed to comply with the vexatious litigant orders entered against her.")

### III.     ORDER TO SHOW CAUSE RE: JUDICIAL IMMUNITY, QUALIFIED IMMUNITY, AND SANCTIONS

There are three other issues for the Court to address at this time. First, it appears as if all Judicial Defendants are protected by judicial immunity, as "[j]udges are absolutely immune from suits for money damages for acts performed in their official capacities." *Haywood v. Hawkins*, 2002 WL 35656295, at *2 (C.D. Cal. Feb. 21, 2002). Such immunity applies "however erroneous the act may have been." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The protection is not stripped due to allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Second, the Government Defendants—Beck, Wilkison, Harris, and Osinoff—appear to be protected by qualified immunity, which protects government officials when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Third, the Protected Defendants note that Woodhouse—either as himself or as Havensight— has repeatedly violated vexatious litigant orders since 2015. They request that the Court refer Woodhouse to the State Bar of California and the Standing Committee on Discipline. They also request monetary

---

[5] The Court further notes that Woodhouse filed a complaint nearly identical to the FAC here on January 13, 2022—a mere eight days after he filed the instant action. *See Woodhouse v. U.S. Gov't*, Case No. 2:22-cv-00285-CAS, Dkt. No. 1 ("*Woodhouse II*"). *Woodhouse II* was assigned to Judge Christina Snyder. Judge Snyder referred the *Woodhouse II* complaint to Judge Blumenfeld for a determination as to whether the claims against Protected Defendants fell within his vexatious litigant order. Judge Blumenfeld determined that they did. *See Woodhouse v. U.S. Gov't*, Case No. 2:21-cv-06372-SB, Dtk. No. 81 at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

sanctions under 28 U.S.C. § 1927.[6] It appears to the Court, based on its review of the dockets of Woodhouse's numerous lawsuits in this District, that such sanctions are warranted.

In accordance with the above, Woodhouse is **ORDERED TO SHOW CAUSE in writing** by **May 6, 2022** why:

- The Judicial Defendants should not be dismissed due to judicial immunity;

- The Government Defendants should not be dismissed due to qualified immunity; and

- The Court should not refer Woodhouse to the State Bar of California, the Standing Committee on Discipline, and impose monetary sanctions under 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |

---

[6] "Any attorney . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.