KRISTIN A. LINSLEY (SBN 154148)
  klinsley@gibsondunn.com
AUSTIN SCHWING, SBN 211696
  aschwing@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
NIKE, INC., META PLATFORMS, INC., AND
GIBSON, DUNN & CRUTCHER LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BENJAMIN WOODHOUSE, ET. AL. | CASE NO. 2:22-CV-00079-RGK |
|---|---|
| Plaintiffs, | **APPLICATION BY DEFENDANTS NIKE, INC. AND META PLATFORMS, INC. FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| THE UNITED STATES GOVERNMENT, ET AL., | |
| Defendants. | Judge: Hon. R. Gary Klausner |

Gibson, Dunn &
Crutcher LLP

On April 22, 2022, this Court entered an order dismissing the claims against Nike, Inc., Meta Platforms, Inc., and Gibson Dunn & Crutcher LLP with prejudice on the ground that Plaintiffs' assertion of those claims violated prior vexatious litigant orders. Dkt. 64. The April 22 order also included an order to show cause why Plaintiffs should not be sanctioned and referred to the State Bar of California and to this District's Standing Committee on Discipline. *Id*. On June 10, this Court ordered sanctions against Plaintiffs and referred Plaintiff Woodhouse to the State Bar and the Standing Committee. Dkt. 93. The Court's order directed Nike, Facebook and Gibson Dunn to submit an application documenting their attorney's fees and costs. *Id*. at 11.

Nike and Meta[1] hereby submit this application and the Declaration of Austin Schwing in support of their request for a total of $38,422.60 in attorneys' fees and expenses incurred in this action. Schwing Decl. ¶¶ 2-7. Attorneys at Gibson Dunn worked approximately 28.7 hours on this lawsuit on behalf of Nike and Facebook. *Id*., ¶ 7. A summary of the time entries is set forth in Exhibit A to the Schwing Declaration. Nike's and Meta's cost of defense against these claims included attorneys' fees for time expended by their counsel: (1) analyzing Plaintiffs' complaint and multiple amendments thereto; (2) researching, drafting, and finalizing a motion to enforce this Court's vexatious litigant orders; (3) analyzing and responding to Plaintiffs' motion for default and sanctions; (4) reviewing the 93 filings that have been filed thus far in this case, including multiple frivolous motions to disqualify the Court and reassign the case; (5) reviewing hundreds of emails sent by Plaintiff Woodhouse; (6) preparing various other filings required by the Federal Rules of Civil Procedure and local rules; and (7) coordinating and updating their clients on the status of and strategy for the case and Plaintiff's numerous filings. *Id.* ¶ 6.

Nike's and Facebook's requested fees and expenses are reasonable. "The district court has a great deal of discretion in determining the reasonableness of the fee[s]" sought by an applicant, including the number of hours of attorney time billed

---

[1] Because Gibson Dunn represented itself, it is not seeking attorneys' fees.

and the hourly billing rates. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In determining reasonable hourly billing rates, the Court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Webb v. Ada Cty.*, 285 F.3d 829, 840 (9th Cir. 2002). A declaration or affidavit of a party's attorney regarding prevailing billing rates in the district in which the Court sits and rate determinations in other cases "are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996) ("[D]eclarations of the 'prevailing market rate in the relevant community ... [are] sufficient to establish the appropriate [billing] rate.") (citation and marks omitted).

Nike's and Facebook's requested attorneys' fees are reasonable for several reasons. *First*, the number of hours worked is reasonable under the circumstances. The litigation team divided the tasks according to their knowledge and expertise, and deferred work on tasks to the extent reasonably possible. Schwing Decl. ¶ 8. And as this Court noted in its order sanctioning Plaintiffs, the Plaintiffs here were exceptionally litigious, making numerous filings to which responses were required over the short life of the case.

*Second*, Gibson Dunn carefully reviewed the attorneys' fee invoices to ensure the absence of any redundant or unnecessary time or expenditures before invoicing Nike and Facebook. *Id.* ¶ 8. Only two attorneys worked on this case for Nike and Facebook, so the matter was appropriately staffed, especially for a case with the large number of filings that Woodhouse made over the last few months. *Id.* It made sense to involve these particular attorneys because Kristin A. Linsley was the attorney most familiar with the prior litigation against Facebook, and Austin V. Schwing was most familiar with the prior cases against Nike. *Id.* ¶ 5.

*Third*, the requested billing rates for Nike's and Facebook's attorneys, set forth in the accompanying Schwing Declaration, are reasonable in light of their skill,

reputation, and experience, and reflect the prevailing market rates for similar work by attorneys of comparable skill, experience, and reputation, as reflected in recent fee awards in this District. Schwing Decl. ¶¶ 3-5, 8. For example, Judge Blumenfeld recently granted Nike and Facebook their fees and costs in a case filed by Plaintiff Woodhouse just a few months ago. *See id.*, Ex. B (Dec. 31, 2021 order in *Woodhouse v. U.S. Govt., et al.* approving Gibson Dunn's fees in litigation against Woodhouse and awarding $157,694.01 in fees and $258.56 in costs); *see also id.*, Ex. C (Nov. 9, 2018 order in *Havensight Capital, L.L.C. v. Facebook, Inc.* approving Gibson Dunn's fees in litigation against Havensight) (Olguin, J.); *id.*, Ex. D (supporting declaration in *Havensight v. Facebook, Inc.* identifying rates of $1,150/hour for partner time and up to $795/hour for associate time); *id.*, Ex. E (Jan. 24, 2016 order in *ScripsAmerica, Inc. v. Ironridge Global, LLC.* approving Gibson Dunn's fees) (Otero, J); *id.*, Ex. F (supporting declaration in *ScripsAmerica* identifying rates of $1,125/hour for partner time and up to $770 per hour for associate time); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2017 WL 4685536, at *8 (C.D. Cal. May 8, 2017) (approving $1,200/hour rate for IP partner as "reasonable in light of th[e] partner's extensive skill and experience."). And as additional proof that Gibson Dunn's hourly rates are reasonable, Nike and Meta, who are sophisticated corporate parties, actually paid the rates sought here. Plaintiff Woodhouse cannot claim surprise by Gibson Dunn's rates, given that he has been sanctioned multiple times and ordered to pay Gibson Dunn's attorneys' fees in cases he previously brought against Facebook and Nike.

Nike and Facebook respectfully request that the Court order Plaintiff Woodhouse and Havensight Capital to pay Nike's and Facebook's attorneys' fees in the combined amount of $38,422.60 for attorneys' fees and costs or such other amount

that the Court finds appropriate.  The payment can be made to Gibson Dunn & Crutcher LLP and the firm will distribute the funds to Nike and Facebook.

Dated: July 15, 2022

                          KRISTIN A. LINSLEY
                          AUSTIN V. SCHWING
                          GIBSON, DUNN & CRUTCHER LLP


                          By:  /s/ Austin V. Schwing
                                  Austin V. Schwing