KRISTIN A. LINSLEY (SBN 154148)
  klinsley@gibsondunn.com
AUSTIN SCHWING, SBN 211696
  aschwing@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendants
NIKE, INC., META PLATFORMS, INC., AND
GIBSON, DUNN & CRUTCHER LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BENJAMIN WOODHOUSE, ET. AL<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES GOVERNMENT, ET AL.,<br><br>Defendants. | CASE NO. 2:22-CV-00079-RGK<br><br>**DECLARATION OF AUSTIN V. SCHWING IN SUPPORT OF APPLICATION BY DEFENDANTS NIKE, INC. AND FACEBOOK, INC. FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:   Hon. R. Gary Klausner |
|---|---|

## DECLARATION OF AUSTIN SCHWING

I, Austin Schwing, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice before this Court. I am a partner in the law firm Gibson, Dunn & Crutcher LLP, and, along with my partner, Kristin A. Linsley, am one of the lead attorneys representing defendant Nike, Inc. and Meta Platforms, Inc. in this action. I submit this declaration in support of the Application for Attorneys' Fees and Costs of Defendants Nike, Inc. and Meta Platforms, Inc. I have reviewed our billing records in connection with this application. I have personal knowledge of the following facts, and, if called upon to do so, I could and would testify as follows.

2. Along with Ms. Linsley, I have served as counsel to Nike and Meta in this case. As set forth in the application filed concurrently with this declaration, Nike and Meta seek recovery from Plaintiff Benjamin J. Woodhouse and Havensight Capital LLC of $38,064.90 in attorneys' fees and $357.70 in costs, for a total of $38,422.60, or other such amount that the Court may deem appropriate.

3. I have practiced law for over 20 years at Gibson Dunn. I am a Partner in the firm's San Francisco office and I am a member of the firm's Antitrust Practice Group and the Class Actions Practice Group. I graduated Order of the Coif from the University of California at Los Angeles School of Law in 2000. I regularly represent Fortune 500 companies in their litigation disputes. I specialize in litigating antitrust, complex commercial litigation, and consumer class action cases. I have extensive experience in federal and state courts in California and throughout the country. A more complete bio is at https://www.gibsondunn.com/lawyer/schwing-austin/

4. Ms. Linsley also is located in Gibson Dunn's San Francisco office, where she specializes in complex business and appellate litigation across a range of subject matters, including social media and technology law, data and privacy, and other areas. She regularly represents Fortune 500 companies in their litigation disputes. She graduated *magna cum laude* from Harvard Law School in 1988 and served as a law

clerk for Supreme Court Justice Antonin Scalia in the 1989 Term and for Judge D.H. Ginsburg of the D.C. Circuit in 1988-89.  A more complete bio is at https://www.gibsondunn.com/lawyer/linsley-kristin-a/.

5. Plaintiff Benjamin Woodhouse, who this Court has found to be the alter ego of his company Havensight Capital LLC, is one of the most prolific litigants that I have encountered in my career.  I represented Nike against Woodhouse in the *Havensight Capital, LLC v. Nike, Inc.* case in the Central District of California before Judge Real.  Ms. Linsley represented Facebook (now Meta) in the *Havensight Capital, LLC v. Facebook, Inc.* case in the Central District of California before Judge Olguin.  Ms. Linsley and I together represented Nike and Facebook in the *Woodhouse v. U.S. Government, et. al* case before Judge Blumenfeld.  This Court is familiar with those proceedings from previous briefing, so I will not describe them here again, though it is worth noting that all of these cases were dismissed with prejudice, Havensight was deemed a vexatious litigant with respect to Nike and Facebook, and Woodhouse was sanctioned and ordered to pay Nike's and Facebook's attorneys' fees and costs but failed to do so.  Given Ms. Linsley's familiarity with the Facebook litigation and my experience with the Nike litigation, it was most efficient for us to team up in defending this lawsuit.

6. Nike and Meta together incurred $38,064.90 in attorney's fees in responding to the Plaintiff's claims advanced in this litigation—litigation that never should have been filed given the Court's prior vexatious litigant orders.  Nike's and Meta's costs of defense included, among other things, Gibson Dunn: (1) analyzing Plaintiffs' complaint and multiple amendments thereto; (2) researching, drafting, and finalizing a motion to enforce this Court's vexatious litigant orders; (3) analyzing and responding to Plaintiffs' motion for default and sanctions; (4) reviewing the 93 filings filed this case, including multiple motions to reassign the case; (5) reviewing hundreds of emails sent by Plaintiff Woodhouse; (6) preparing various other filings required by

Gibson, Dunn & Crutcher LLP

the Federal Rules and local rules; and (7) coordinating and updating their clients on the status of and strategy for the case and Plaintiff's numerous filings.

7. Nike's and Facebook's attorneys' fees reflect a total of 28.7 hours of attorney time performing the tasks identified in Paragraph 6. Attached hereto as Exhibit A is a true and correct summary of the time and amounts of attorneys' fees and costs billed to Nike and Facebook by Gibson Dunn in defending this action. The summary describes the tasks undertaken and the expenses. The total amount of fees and costs is $38,422.60.

8. Prior to generation of invoices to Nike and Facebook, I reviewed all of the billing records generated in this matter to ensure the absence of any redundant or excessive time. Based on my experience, the number of hours spent, the tasks performed, and the staffing on this case were reasonable and appropriate, particularly in light of the large number of filings by the Plaintiff in this case. Only two attorneys worked on this case—myself and Ms. Linsley. We divided the tasks according to knowledge and expertise, and deferred work on matters to the extent reasonably possible. Litigating against Plaintiff Woodhouse is challenging and time consuming because he constantly submits new filings requesting default, sanctions, and/or other extreme forms of relief, often falsely alleging criminal conduct and ethical or procedural violations. Given the serious nature of these false allegations and the extreme relief Plaintiff seeks, defendants have no choice but to respond. I believe that our team spent an appropriate amount of time researching, analyzing, and responding to the Plaintiff's multiple filings and correspondence. Our work in this case was successful, resulting in dismissal with prejudice, as well as Woodhouse being sanctioned, reported to the State Bar of California, and reported to this District's Standing Committee on Discipline.

9. During my legal career, I frequently have come into contact with the rates charged by attorneys of similar skill, reputation, and experience at Gibson Dunn's peer firms in the Los Angeles, Orange County, and San Francisco legal markets. Such

firms typically charge their clients between $800 to $1,400 or more per hour for time worked by partners and $500 to $1,000 per hour for time worked by associates. Based on this experience, it is my belief and understanding that the billing rates in this matter are comparable to the billing rates charged for work performed by attorneys of similar skill, reputation, and experience at law firms in Los Angeles and San Francisco of similar size and reputation as Gibson Dunn. Indeed, both Facebook and Nike receive a discount from our standard rates because of our valued relationship with these clients, and those discounts are reflected in this fee request.

10. Attached hereto as Exhibit B is a true and correct copy of a December 31, 2021 order in *Woodhouse v. U.S. Government, et al.* approving Gibson Dunn's fees.

11. Attached hereto as Exhibit C is a true and correct copy of a November 9, 2018 order in *Havensight Capital, LLC v. Facebook, Inc.* approving Gibson Dunn's fees.

12. Attached hereto as Exhibit D is a true and correct copy of an October 9, 2018 declaration of Kristin A. Linsley supporting the fee request granted in Exhibit B.

13. Attached hereto as Exhibit E is a true and correct copy of a January 24, 2016 order in *ScripsAmerica, Inc. v. Ironridge Global, LLC.* approving Gibson Dunn's fees.

14. Attached hereto as Exhibit F is a true and correct copy of an August 25, 2015 declaration of Dean Kitchens supporting the fee request granted in Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 15, 2022 in San Francisco, California.

By: /s/ Austin Schwing
      Austin Schwing