UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al v. The United States Government, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Application for Attorney Fees [DE 100]

## I. INTRODUCTION

On January 7, 2022, Benjamin Woodhouse and Havensight Capital, LLC (collectively, "Plaintiffs"), filed a First Amended Complaint ("FAC") against Alphabet, Inc., five judges of the Central District of California, and four United States Government officials. (ECF No. 10.) The FAC also names as defendants Gibson Dunn Inc. ("Gibson Dunn")[1], Meta Platforms, Inc. ("Meta"), Nike, Inc. ("Nike"), (collectively, "Moving Defendants"). (*Id.*)

Plaintiffs have brought numerous lawsuits in this District since 2014 and have been the subject of several vexatious litigant orders, including one entered by the Court in this action. *See Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 3544111 (C.D. Cal. Apr. 22, 2015); *Havensight Cap. LLC. v. Facebook, Inc.*, 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018); *Woodhouse v. U.S. Gov't*, 2021 WL 6333468 (C.D. Cal. Nov. 24, 2021) (*Woodhouse I*); *Woodhouse v. U.S. Gov't*, 2022 WL 2232521 (C.D. Cal. June 10, 2022) (*Woodhouse II*). Another one of those orders was entered in *Woodhouse I* by Judge Blumenfeld on November 24, 2021. Judge Blumenfeld's vexatious litigant order forbade Plaintiffs from filing certain claims against the Moving Defendants. However, Plaintiffs ignored the order and alleged the restricted claims against the Moving Defendants in the current action. The Court thus dismissed all three defendants due to Plaintiffs' violation of the vexatious litigant order. (*See* Order Re: Defs.' Mot. for Relief at 3, ECF No. 64.) The Court then ordered Plaintiffs to pay the Moving Defendants' reasonable attorney's fees and costs, provided that those parties filed a timely application with documentary support. (*See* Omnibus Order at 11, ECF No. 93.)

---

[1] Plaintiffs seemingly intended to sue Gibson, Dunn & Crutcher LLP, as that law firm has represented Nike, Inc. and Meta Platforms, Inc. in prior actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al v. The United States Government, et al* | | |

Presently before the Court is Moving Defendants' Application for Attorney's Fees, which the Court **GRANTS** for the following reasons.

**II.   DISCUSSION**

Nike and Meta[2] request $38,422.60 in fees, pursuant to the following hours and rates:

| Attorney Fees | Hours | |
|---|---|---|
| Kristin Linsley | 3.6 | $1,440/h |
| Austin Schwing | 25.1 | $1,310/h |
| | | Total Attorney's Fees: $38,064.90 |
| Expenses | | $ 357.70 |
| TOTAL | | $ 38,422.60 |

Generally, the fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts use the lodestar — "the product of reasonable hours times a reasonable rate"— to calculate attorney's fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). There is a "strong presumption" that the lodestar represents a "reasonable" fee. *Id.* The amount of fees to be awarded is ultimately within the trial court's discretion.

Plaintiffs do not dispute the hourly rates requested by the Moving Defendants, and the Court finds the rates reasonable because they appear "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("A rate determined in this way is normally deemed to be reasonable . . . .").[3] Additionally, other judges have found Gibson Dunn's hourly rates to be reasonable in similar actions against the same Plaintiffs. See e.g., *Havensight Cap., LLC*, 2018 WL 6340757, at *7. As such, the Court will use the requested rates in the lodestar calculation.

---

[2] Gibson Dunn is not requesting attorney's fees because the firm represented itself.

[3] Another indication that the hourly rates are reasonable is that Nike and Meta, who are sophisticated corporate parties, actually paid the rates sought here. *See Blanchard v. Bergeron*, 489 U.S. 87, 93, (1989) ("The fee quoted to the client . . . is helpful in demonstrating attorney's fee expectations.") (internal quotations omitted).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al v. The United States Government, et al* | | |

Plaintiffs also do not dispute the number of hours expended, and the Court finds that the number of hours expended is reasonable under the circumstances. A "reasonable" number of hours equals "[t]he number of hours [which] could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Here, only two attorneys worked on this case, and they divided the tasks according to their knowledge and expertise. Additionally, the Plaintiffs here were exceptionally litigious, making numerous filings to which responses were required over the short life of the case. Therefore, the Court finds the number of hours expended reasonable.

Finally, the Court finds that the requested expenses are reasonable and necessarily incurred. Moving Defendants' expenses would ordinarily be charged to a paying client, and their amounts do not appear excessive.

## III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Application, awarding $38,064.90 in attorney's fees and $357.70 in costs for a total of $38,422.60.

The Clerk shall close this action.

**IT IS SO ORDERED.**

|                      | : |
|----------------------|---|
| Initials of Preparer | jre/a |